**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 5:05cr5-DCB

OZELL LEWIS                                                          DEFENDANT

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 05 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## ORDER

This matter comes before the Court on defendant Ozell Lewis's Motion to Reduce Imposed Sentence [**docket entry no. 18**].  Having carefully considered said Motion in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On August 10, 2005, defendant Ozell Lewis entered a plea of guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The total amount of cocaine base attributable to the defendant in the commission of this offense was 111 grams.  The statutory maximum sentence for the defendant's offense was 40 years, pursuant to 21 U.S.C. § 841(b)(1)(B).  At the sentencing hearing held on December 5, 2005, the Court determined that the defendant's base offense level was 34, inasmuch as the defendant was deemed a career offender under § 4B1.1(a) of the then-applicable Sentencing Guidelines and the table in § 4B1.1(b) mandated a base offense level of 34 for a career offender whose subject offense carried a statutory maximum of 25 years or more. After subtracting 3 levels for acceptance of responsibility

(U.S.S.G. § 3E1.1(a) and (b)), the Court further found that the defendant's total offense level was 31 and his Criminal History Category was VI, placing him in a sentencing guideline range of 188 to 235 months. The Court imposed a sentence of 135 months upon the defendant.

On November 1, 2007, Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect. On December 11, 2007, the United States Sentencing Commission decided to make the amendment retroactive pursuant to U.S.S.G. § 1B1.10, although the retroactive force of the amendment did not take effect until March 3, 2008. Pursuant to 18 U.S.C. § 3582(c)(2), this Court is now authorized to reduce terms of imprisonment based upon the retroactive amendment assuming applicable criteria are satisfied.

On February 29, 2008, the defendant filed his Motion to Reduce Imposed Sentence [docket entry no. 18] pursuant to § 3582(c)(2). That Motion is now before the Court.

United States Sentencing Guideline § 1B1.10(a) provides in relevant portion as follows:

> (1) In General. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if

. . .

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Therefore, only if the Court determines that retroactive amendment lowers the guideline range applicable to the defendant herein may the Court countenance reducing his sentence.

The Court has determined that under the amended guidelines, inasmuch as the defendant is considered a career offender under § 4B1.1(a) and the statutory maximum for the subject offense is 40 years pursuant to 21 U.S.C. § 841(b)(1)(B), the defendant's base offense level is still 34 pursuant to U.S.S.G. § 4B1.1(b). Factoring in the 3 level acceptance of responsibility reduction, the defendant's total offense level is 31 which, with a Criminal History Category of VI, places the defendant in a guideline sentencing range of 188 to 235 months as enumerated in the Sentencing Table in U.S.S.G. Ch.5, Pt. A.    Therefore, because the defendant's applicable guideline range has not been lowered by Amendment 706, in accordance with U.S.S.G. § 1B1.10(a) the Court cannot order a reduction in the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Reduce Imposed Sentence [**docket entry no. 18**] is **DENIED.**

3

**SO ORDERED**, this the 30th day of April 2008.

UNITED STATES DISTRICT JUDGE